HOWARD F. MASON *vs.* BELFAST HOTEL COMPANY.

Waldo.    Opinion December 18, 1896.

*Taxes.   Officer.   Oath.   Evidence.   Stat. 1893, c. 314.*

The court adheres to its former decisions that, where forfeitures are not involved, proceedings for the collection of taxes by an action at law, should be construed practically and liberally.

In this case, which was an action of debt to recover a tax, *held;*

1. That the official oath of the custodian of a public record was irregular does not make the record inadmissible in evidence:

2. When the abbreviation "do." in a public record unmistakably stands for a particular word, it may be read as such word:

3. Evidence that a particular person was once chosen treasurer of a private corporation, and has continued to act as such treasurer, is sufficient evidence that he is still treasurer as to third parties:

4. Under the statute of 1893, c. 314, the collector of taxes may take his description of the land taxed from the assessor's books:

5. The requirement of the statute, that suits for county taxes shall be brought in an adjoining county, does not include suits brought by a town collector to recover taxes assessed by the town assessors for state, county and town purposes:

6. The statute is to be liberally interpreted. The court will not assume that the land owner is unwilling that his land should be taxed, and will not regard him as an unwilling party to the tax proceedings.

ON REPORT.

This was an action of debt brought for the recovery of a tax assessed against the defendant corporation, for the year 1894, and to enforce the lien provided by chapter 314 of the statute of 1893.

The tax was committed to the plaintiff for collection, August 4th, 1894, and having given the defendant corporation notice in writing stating the amount of the tax and describing the real estate on which the tax was assessed as required by the act, in July, 1895, prior to the commencement of this action, suit was brought on the 20th day of July, A. D. 1895. The action was brought more than eight months and within one year from the date of the commitment of the tax to the plaintiff, as is required by the act.

*Norman Wardwell*, for plaintiff.

*Jos. Williamson*, for defendant.

When requisitions prescribed are intended for the protection of the citizen, and to prevent a sacrifice of his property, and by a disregard of which his rights might be and generally would be injurious, they are not directory, but mandatory. They must be followed, or the acts done will be invalid. The power of the officer is limited by the manner and conditions prescribed for its exercise. *French* v. *Edwards*, 13 Wall. 506. The case is not governed by the principles applicable to the milder remedies of suits in the ordinary course of legal procedure, brought by a town or by a collector, but it comes within the strict rule given in *Tucker* v. *Aiken*, 7 N. H. 113, adopted in *Dresden* v. *Goud*, 75 Maine, 301, which expresses "that in order to maintain a title to land sold for taxes, or to justify a distress, every substantial regulation of the law must be shown to have been complied with." It is not simply a remedy for the recovery of money; it involves forfeiture of the whole property described.

Counsel also cited: *Machias* v. *Small*, 77 Maine, 109; *Bowler* v. *Brown*, 84 Maine, 376.

SITTING: PETERS, C. J., EMERY, FOSTER, WHITEHOUSE, WIS-
WELL, STROUT, JJ.

EMERY, J.   Prior to the statute of 1893, c. 314, authorizing
the collector of taxes to enforce by judicial process the tax lien
upon the real estate assessed, he assumed the existence of the lien
and enforced it summarily and directly by a sale of the real estate,
giving the owner no opportunity to question the lien.   In such
proceedings he was held to great strictness since he was enforcing
a forfeiture.   Under this statute, however, the collector may
proceed less summarily, and give the land owner an opportunity to
show cause against the proceedings.   This course has been taken
in this case and we are to determine before any sale, whether the
alleged tax lien really exists.

It is true, as a general proposition, that to establish a statute lien
upon property without the consent of the owner, all the provisions
of the statute must be fully complied with.   But the owner of
land under civil government can hardly be considered as refusing
his consent to the assessment of any tax upon his land.   In
becoming the owner he may be considered as consenting to its
being lawfully taxed, and made subject to its fair share of the
public burdens.   He can properly object only to its being over-
taxed, or taxed for an unlawful purpose, or by an illegal assess-
ment, or else to some irregularity in the procedure which may do
him an injustice.   The court will not assume that the land owner
desires to avoid all taxation of his land.

In this case the land owner makes the following objections to a
tax lien judgment:

I.   A witness testified that he was deputy city clerk of Belfast
and, as such, then had the custody of the city records.   He pro-
duced certain books of record which he testified to be the regular
records of the city as made up and kept by the city clerk.   By
these same records the witness appeared to have been appointed
and sworn as deputy clerk by the city clerk.   The defendant now
objects to the records being received as evidence, on the ground
that the oath to the deputy could not be administered by the city

clerk. This is immaterial. The witness was acting as deputy clerk and as such had and produced the city records. These records were not invalidated by any irregularity in the official oath of their custodian.

II. The qualification of one assessor was not questioned. The record of the oaths of the other two assessors for 1894 was as follows: "Personally appeared on the day set against their names, the following persons who have been elected to the offices set against their names, (and took their oath of office.)

Charles Baker. Assessor. March 20th.

Simon A. Payson. do. March 24th."

The defendant insists that this record is fatally incomplete as to Payson and cites *Bowen* v. *Brown*, 84 Maine, 376. That was a case of forfeiture and there was in the record a hiatus which made it uncertain to what the "do" referred. Here there is no hiatus and the "do" unmistakably stands for "Assessor." *Opinion of Justice*, 70 Maine, 567.

III. The preliminary notice was served upon one Calvin Hervey as treasurer of the defendant company. It is contended that there is no evidence that Hervey was then the treasurer of the company. There is evidence, however, that Hervey was made treasurer of the company at its organization, and has acted as such treasurer up to the date of the writ. In the absence of any evidence to the contrary, it may be assumed that his official relation continued.

IV. The collector's warrant and lists did not contain a description of the real estate, and the collector in making up the notice to the defendant copied into it the description on the assessors' book. We find in the statute nothing limiting the collector to his warrant as a source of information. To what better source could he resort than the records of the assessment itself?

V. The declaration included the defendant's "proportion of the city tax, and the due proportion of the state and county taxes

allotted to said city." The statute provides that, when the action is brought to collect a county tax, it shall be brought in the county adjoining that in which the land lies. This provision is evidently intended to apply a county tax assessed directly upon the land by some state or county tribunal, as in the case of lands in plantations or unincorporated places. In such case the county has a direct, special interest in subjecting the land to the tax lien, as otherwise it might entirely lose the tax. But where, as in this case, the county has merely allotted a certain proportion of the county tax to an incorporated town, it has laid no tax on any particular land in that town, and is not concerned in its assessment or collection. This tax was assessed on this land by the assessors of Belfast, and is to be enforced by Belfast or its collector. The county has no voice nor interest in the assessment or collection of this defendant's share of any of the taxes assessed by the city assessors. Hence the collector of Belfast is not required to bring the action out of the county.

> *Judgment for the plaintiff, against the defendant and against the land described in the writ.*